OPINION of the Court, by
Judge Logan.
Simpson, the proprietor of a lot in Shepherdsville, having sold the same to Wood, and executed his bond to con-' vey it, an execution against Wood was levied thereon, in virtue of which the lot was sold to Sanders.
Wood afterwards, on the i7th day of March 1800, assigned the bond on Simpson to Alien ; and Sanders, op the 23d day of March 1801, obtained from Simpson ' a deed for the'lot, to compel a conveyance of which, and for'rent, Allen exhibited his bill.
The court will’ consider the case — —1st, With respect to the sale under the execution. 2d, As to the effect produced by the procurement of the deed. 3d, If both acts should be ineffectual against the complainant’s Claim, whether the defendant ought to he compelled to convey upon any other terms than his being refunded the money paid by him to the benefit of Wood."
With respect to the sale under the execution. It was decided by this court, in the case of Thomas vs. Marshall, Hard. 19, and recognised in the case of Buford vs. Buford, vol. 1, 306, that a mere equitable interest in land is not subject to execution. But Wood had only an equitable interest in the lot, therefore it could not be sold under a feri facias against his estate, and the sale must be deemed void. So that the court will consider the effect produced from the legal title, as procured from Simpson,
The principle, as to a purchase with notice of a prior equity, is too’ well settled’ to require an observation. Sanders obtained the title at law from Simpson, under a full knowledge that Wood or his assignees claimed it of him. A title thus obtained cannot, of itself, protect him in its enjoyment; so that he must rely on an equity derived from some other source for protection.
In this ease the court is referred to that supposed t® arise from his purchase under the execution.
The mere claim of Simp-lon that fomucK was due him from Wood,can not be taken aa the bails of a lien upon the lot in favor of Sanders for the fum fo paid.
Sanders decreed to convey to Allen and to accountfortent» from the time of fuit brought^ Allen to pay for improvements by Sanders fined his purchafe at íheriff ’s fete.
Considering the sale and purchase as void and of no effect in law, surely it cannot be seriously contended that the court can deduce therefrom an equity to support an estate which without it could not be upheld.
We cannot indulge feelings of sympathy,f®r misfortune to force us into the absurdity of resorting for a reason of an opinion to a mere nothing in law, an act held to he void, from which to lay the foundation to an after acquired estate , which, unconnected therewith, is unwarranted. There is no privity between the sale by execution and the procurement of the deed From Simpson. The court cannot connect the one with the other by making the last relate to the first, and thus form a substantial connection between a void act and one when freed therefrom it must decree against.
If validity is not attached to, the sale under the execution, the court can view Sanders in no other light than as having paid money to the credit and benefit of Wood ; and we cannot suppose that a payment of money to another’s benefit, and afterwards obtaining a deed for his land, without his consent, can shield such person in its absolute enjoyment. It at best could only be extended by a court of chancery to secure the money so advanced.
This brings us to consider the third question : whether Sanders ought to be refunded his money paid to the benefit of Wood, before he shall be compelled to convey the lot to the complainant. It appears in the cause that the assignment of the bond to Allen by Wood, was made almost a year before Sanders obtained the deed, and it not being pretended that he had not notice of the assignment to Allen before he obtained the title at law, but he having relied upon the equity of his purchase under the execution, the court cannot decree the payment of the money to him as a condition upon which he shall convey to Allen. There is no evidence in the cause that Allen was not a purchaser for a valuable consideration, and the court ought not to presume it.*
*96 The additional sum winch Sanders states he paid to Simpson in order to obtain the deed, cannot be made to bear in the cause. There is no proof that it remained due to Simpson for said lot. It may have been given on account of the supposed advantage in obtaining the deed.
The court can say nothing farther, than that Simpson’s claiming it, is not such evidence as we can take notice of; and however much we regret the misfortune of Sanders, arising from his purchase under the execution, which Was supposed legal, yet this circumstance does not alter the law.
Therefore it is decreed and ordered that the decree of the circuit court dismissing the complainant’s bill, be reversed ; the cause remanded, with directions to decree a conveyance of said lot to the complainant, with a warranty from him and his heirs ; and to appoint commissioners to ascertain and report to said court the value of the rents of said lot from die commencement of this suit, and also of the value of such lasting and necessary improvements made thereon by the defendant since his purchase under the execution. And the report of the commissioners being so made to the court, that the said circuit court do thereupon enter up a final decree against said Sanders, with costs. But should the value of the improvements, when thus ascertained, exceed the rents, that the complainant be decreed to pay the overplus to the defendant.

 Ought a complainant in chancery to have relief in fuch cafe without free/ made that he paid a valuable confideration ? Ought the alignof Simpfon’s bond, by Wood to Alien after the íheriff’s fale, and under circumftances of the cafe, to have been received fer je as evidence of a bomtJMe teanfaition for a valuable confideration )